UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-141-RJC
3:16-cr-83-RJC-DCK-1

| | |
|---|---|
| DEAN PAUL STITZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on *pro se* Petitioner's Motion to Reconsider (Doc. 18), with regards to the Order denying his Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. See (Doc. No. 11).

Petitioner filed his § 2255 Motion to Vacate in the instant case on March 12, 2019. (Doc. No. 1). The Court denied § 2255 relief in an Order entered on November 10, 2020. (Doc. No. 11). After unsuccessfully prosecuting an appeal, Petitioner filed the instant Motion to Reconsider the Order denying his Motion to Vacate on February 24, 2022. (Doc. No. 18). The Motion is construed as seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure.

Petitioner will be required to file a Memorandum Addressing Limitations within **14 days** of this Order, explaining why his Rule 60(b) Motion is not time-barred. See generally United States v. McRae, 793 F.3d 392, 401 (4th Cir. 2015) (noting that the Rule 60(b) time limit is an affirmative defense). Petitioner's failure to comply may result in the denial of the Rule 60(b) Motion without further notice.

1

**IT IS, THEREFORE, ORDERED** that Petitioner shall file a Memorandum Addressing Limitations within **14 days** of this Order.

Signed: March 7, 2022

Robert J. Conrad, Jr.
United States District Judge

2