UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-141-RJC
(3:16-cr-83-RJC-DCK-1)

| DEAN PAUL STITZ, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** comes before the Court on Petitioner's *pro se* Motion to Reconsider (Doc. No. 18), and Motion to Seal (Doc. 19).

### I.   BACKGROUND

Petitioner pleaded guilty in the underlying criminal case to distributing child pornography in interstate commerce by computer in violation of 18 U.S.C. § 2252A(a)92)(A) and (b)(1). (3:16-cr-83 (CR), Doc. No. 1). He was sentenced to 121 months' imprisonment. (CR Doc. No. 24). The Fourth Circuit affirmed on direct appeal and the United States Supreme Court denied certiorari. United States v. Stitz, 877 F.3d 533 (4th Cir. 2017); Stitz v. United States, 138 S.Ct. 1572 (2018). Petitioner then filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 in the instant case, arguing *inter alia* that retained counsel's ineffective assistance rendered the guilty plea involuntary, and prejudiced him at sentencing. (Doc. No. 1). On November 10, 2020, the Court denied the Motion to Vacate on the merits and declined to issue a certificate of appealability. (Doc. No. 11). Petitioner appealed with the assistance of counsel, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal on October 21, 2021. United States v. Stitz,

1

2021 WL 4902351 (4th Cir. 2021).

Petitioner filed the instant *pro se* Motion to Reconsider on February 17, 2022.[1] (Doc. No. 18). He asks the Court to reconsider his Motion to Vacate based on an affidavit addressing a conversation that he ostensibly had with federal agents in July 2014, and "Third-Party evidence not previously included with [his] original Motion to Vacate" that was "the product of personal conversations about [his] case … in 2016…." (Doc. 18 at 1-2). He asserts claims of ineffective assistance of counsel and requests an evidentiary hearing. (Id.).

On March 7, 2022, the Court issued an Order construing the Motion to Reconsider as seeking relief under Rule 60(b) and ordering Petitioner to file a memorandum explaining why the Motion is not time-barred. (Doc. No. 20). Petitioner filed a Memorandum Addressing Limitations in which he acknowledges that his Motion to Reconsider is untimely on its face (Doc. No. 21 at 1), and asks the Court to apply equitable tolling because he: is actually innocent; lacks legal knowledge; did not have the effective assistance of counsel; had difficulty researching his claims due to COVID1-19 restrictions; and has mental health issues. He asks the Court to either apply equitable tolling to the Motion to Reconsider and allow him to introduce new evidence, or to reconsider the § 2255 Motion to Vacate based on his case law and arguments without considering the new evidence.

Petitioner further asks the Court to seal the Motion to Reconsider because it, and its attachments, contain personal information about Petitioner and his mental health. (Doc. No. 19).

II.      DISCUSSION

Rule 60 permits a court to correct orders and provide relief from judgment under the

---

[1] See generally Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017). However, the Rule 60(b) one-year filing deadline is an affirmative defense, therefore, a petitioner should be given the opportunity to come forward with evidence that might justify the application of equitable tolling or otherwise establish that his claims are not time-barred before dismissing on timeliness grounds. United States v. McRae, 793 F.3d 392, 401 (4th Cir. 2015).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion

3

falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

Liberally construing the Motion to Reconsider, he appears to seek relief based on Rule 60(b)(1), (2), and/or (6). The § 2255 Motion to Vacate was denied on November 10, 2020 and Petitioner filed the Motion to Reconsider on February 17, 2022, 464 days later. That exceeds the one-year limit applicable to subsections (b)(1) and (2), and it was not filed within a reasonable time pursuant to subsection (b)(6). Petitioner correctly acknowledges that he failed to timely file the instant Motion. (Doc. No. 21 at 1). He argues that the Motion to Reconsider should be considered timely because he is actually innocence, and because equitable tolling should apply.

First, he argues that his untimely filing should be excused because he is actually innocent. See (Doc. No. 21 at 2-3); (Doc. No. 18-1) (Affidavit). A credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). To invoke that exception to AEDPA's statute of limitations, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the evidence." Schlup v. Delo, 513 U.S. 298, 324 (1995). This fundamental miscarriage of justice exception is grounded in the courts' equitable discretion to ensure that federal constitutional errors do not result in the incarceration of innocent persons. Herrera v. Collins, 506 U.S. 390, 404 (1993). Petitioner argues that counsel told him that he is "factually innocent," and argued such to the Fourth Circuit in seeking a certificate

4

of appealability. (Doc. No. 21 at 3); see (4th Cir. Case No. 21-6053, Doc. No. 6). Petitioner has failed to come forward with any evidence that would likely convince a reasonable juror that he is not guilty. Instead, he contends that his legal research in September 2021 triggered a memory of a conversation he had with a law enforcement officer in 2014, and prompted him to complete an affidavit. (Doc. 21 at 11); see (Doc. 18-1). None of this evidence is newly discovered, nor would it convince a reasonable juror that he is not guilty. Accordingly, his reliance on actual innocence is rejected and fails to justify his late filing of the Motion to Reconsider.

Next, Petitioner argues that equitable tolling should apply. Equitable tolling is only appropriate in those "rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(*en banc*)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). A petitioner seeking equitable tolling must show that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010).

Here, Petitioner argues that he is ignorant of the law, made legal mistakes, and did not have access to effective counsel. "[E]ven in the case of an unrepresented prisoner ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Accordingly, Petitioner's alleged confusion about the availability of Rule 60(b) relief while his appeal was pending, and his mistaken filing of the Motion to Reconsider in the Fourth Circuit, do not warrant equitable tolling.[2] See generally Holland, 560 U.S. at 651 (garden variety legal mistakes do not warrant equitable tolling). Further, Petitioner complains that his ability to

---

[2] To the extent that Petitioner suggests that the Motion to Reconsider in the instant case was misdirected to the Fourth Circuit, this is rejected. (Doc. No. 21 at 13). The Motion in the Fourth Circuit plainly refers to the Fourth Circuit's denial of his certificate of appealability, and not this Court's § 2255 Judgment.

5

communicate with counsel was restricted, and that counsel performed deficiently during the post-conviction representation. However, there is no right to the assistance of counsel for a post-conviction motion. See generally Pennsylvania v. Finley, 481 U.S. 551, 551 (1987) (a defendant has no federal constitutional right to counsel beyond direct appeal); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013) ("once the direct appeal has been decided, the Sixth Amendment right to counsel comes to an end…."). Accordingly, neither any difficulties in communicating with counsel, nor any deficient performance by counsel, would support equitable tolling.

Second, Petitioner argues that he had a limited his ability to conduct legal research due to COVID-19 restrictions in prison that impacted his phone calls, access to a legal computer and other legal resources, and legal mail. The restrictions that allegedly occurred before the Court issued the § 2255 Judgment are irrelevant to Petitioner's ability to timely file a Rule 60(b) motion addressing that Judgment. As to the time after the Judgment was issued, the Petitioner asserts that he had no access to legal resources for a total of 72 days from December 4 to 20, 2020, and from December 30, 2020 to February 24, 2021. (Doc. 21 at 7-8). Even if 72 days were tolled, this does not assist Petitioner because the Motion to Reconsider was still filed nearly a month late. Petitioner's assertion that he had somewhat restricted access to a legal research computer and other resources during additional periods, no tolling is warranted because he fails to explain why this limited access prevented him from timely filing his Motion to Reconsider.

Finally, the Plaintiff alludes to mental health issues that allegedly prevented him from timely filing the Motion to Reconsider. He refers to "stress and anxiety," the death of his uncle, chest pain and panic attacks, difficulty in concentrating, and the offer of medication that may further impact his ability to focus. (Doc. 21 at 13-14). His claims in this regard are too vague to support a conclusion that equitable tolling should apply. See generally United States v. Sosa, 364

6

F.3d 507, 513 (4th Cir. 2004) ("As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity."). He has failed to establish that his condition was sufficiently severe, or the length of any period of incapacity.

Petitioner's Motion to Reconsider was untimely filed and he has failed to demonstrate that equitable tolling or any other exception applies. Accordingly, the Motion to Reconsider is dismissed as time-barred.

Even if the Motion to Reconsider were timely filed, it would nevertheless be dismissed because it is, in essence, an unauthorized successive § 2255 petition. When a petitioner seeks Rule 60 relief from a court's judgment denying § 2255 relief, he must demonstrate "some defect in the integrity of the … habeas proceeding." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). A Rule 60(b) motion that attempts to raise new § 2255 claims constitutes an unauthorized successive petition for post-conviction relief. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (a Rule 60(b) motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application), *abrogated in part on other grounds by* McRae, 793 F.3d at 392; 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Here, Petitioner does not identify a defect in the § 2255 proceeding. Instead, he attempts to relitigate the merits of his § 2255 Motion to Vacate, and he does not assert that he has obtained leave from the Fourth Circuit to do so. Accordingly, even if the Motion to Reconsider were timely, it would be dismissed for lack of jurisdiction as an unauthorized second or successive § 2255 petition.

Finally, Petitioner moves to seal his Motion to Reconsider. (Doc. No. 19). The Court's

7

Local Rules provide for a "presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). A motion to seal must set forth: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; (3) unless a permanent seal is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and (4) supporting statutes, case law, or other authority. LCvR 6.1(c). Here, the Court finds that the Motion to Reconsider refers to sensitive material and should be permanently sealed. The Motion to Seal will, therefore, be granted.

### III.  CONCLUSION

For the foregoing reasons, Petitioner's Rule 60(b) Motion to Reconsider (Doc. No. 18) is dismissed, and Motion to Seal (Doc. 19) is granted.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Reconsider (Doc. No. 18) is **DISMISSED**.
2. Petitioner's Motion to Seal (Doc. 19) is **GRANTED**.
3. The Clerk is respectfully instructed to permanently **SEAL** the Motion to Reconsider (Doc. No. 18).

Signed: March 29, 2022

Robert J. Conrad, Jr.
United States District Judge